### WILLIAM F. MULLIN v. CATHERINE LEAMY.

Submitted March 18, 1910—Decided March 30, 1911.

1. A promissory note given to secure the payment of a debt contracted by the debtor under circumstances which subjected him to criminal prosecution, is not rendered invalid by reason of the fact that it was made under pressure of a threat by the creditor that he would procure the indictment of the debtor unless the debt was paid.

2. Duress, to be available as a defence in an action upon contract, must have been exercised upon him who sets it up as a defence by him who claims the benefit of the contract, or by someone acting in his behalf or with his knowledge.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the rule, *Frank E. Bradner.*

*Contra, Ralph E. Lum.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon a promissory note for $1,200 made by the defendant to her own order, and endorsed by her and one Edward F. Duffy. At the trial of the cause it was shown that the note was given under the following circumstances: Plaintiff claimed that Duffy owed him a considerable sum of money (nearly $6,000) and threatened to have him indicted unless he made a settlement.

Duffy thereupon agreed to settle by giving to the plaintiff his own notes, and also the note of a third person for $1,200, provided that if the latter note was given the plaintiff would advance to him, Duffy, $500 in cash, which sum the latter needed for immediate use. Plaintiff consented to make the advance, and did so, at the same time receiving from Duffy the note in suit, which was made by the defendant for his (Duffy's) accommodation. After these facts were put in evidence the defendant offered to prove that she had been informed by Duffy —who was her son-in-law—of the threat made by the plaintiff, and that her reason for giving the note was her fear that unless she did so the plaintiff would put his threat into execution and have Duffy indicted. The offered proof was overruled, and the plaintiff had a verdict. The single question presented for determination under the rule to show cause is whether the offer of the defendant was properly overruled.

The theory upon which counsel for the defendant bases his claim that the excluded proof was competent, is that it discloses that the note in suit was made by his client under duress, and is, therefore, voidable at her option.

We cannot concur in this view.

In the first place, there was nothing in the excluded offer which indicated that the plaintiff would not have been entirely justified in putting the criminal law in operation against Duffy unless Duffy settled with him; and "a demand made under the urgency of an intimation that if not complied with the law will be appealed to cannot reasonably be claimed to be either extortion or duress. Such a threat does not, in legal contemplation, place the person against whom it is aimed *in vinculis,* nor destroy, in any degree, his free agency." *Sooy* ads. *State,* 9 *Vroom* 324, 334. To the same effect is *Bodine* v. *Morgan,* 10 *Stew. Eq.* 426, 428, where it was held that a mortgage given to secure a debt resulting from the unlawful appropriation and conversion by the mortgagor of property of the mortgagee, was valid, notwithstanding that it was made under the pressure of a threat by the mortgagee to cause the arrest of the mortgagor unless the latter made good his defalcation.

In the second place, duress, to be available as a defence, must have been exercised upon the person who sets it up as a defence, by the person who claims the benefit of the contract, or by someone acting in his behalf or with his knowledge. *Compton* v. *Bunker Hill Bank, 96 Ill.* 301; *Sherman* v. *Sherman, 20 N. Y. Sup.* 414. There was nothing in the offered proof which tended to show that the plaintiff knew, or had any reason to suppose, that Duffy had communicated to the defendant his threat to have him indicted, or that this threat was in any degree the moving cause of the defendant's act in making the note for his (Duffy's) accommodation.

The ruling of the trial court refusing to admit the testimony was proper, and the rule to show cause will be discharged.